## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-14453-CV-MARTINEZ/MAYNARD

**HAROLD B. ROTTE**,

      Plaintiff,

v.

 **UNITED STATES OF AMERICA**,

      Defendant.

_____/

### REPORT AND RECOMMENDATION
### ON DEFENDANT'S MOTION TO DISMISS (DE 8)

**THIS CAUSE** is before me upon an Order referring all pretrial matters for appropriate disposition.  DE 11.  Presently pending is Defendant's Motion to Dismiss. DE 8.  I have reviewed the Motion, Plaintiff Harold B. Rotte's Response in opposition (DE 9), and Defendant's Reply (DE 10).  Being fully advised, I respectfully recommend that Defendant's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART** as detailed herein.

### BACKGROUND

This case arises out of *pro se* Plaintiff's longstanding complaints about federal income tax liabilities assessed against him in 2004.  Plaintiff has previously filed four cases in the United States District Court for the Southern District of Florida challenging his 2004 tax liabilities: (i) *Rotte v. Internal Revenue Serv.*, No. 2:07-cv-14029-JEM (S.D. Fla. filed Jan. 31, 2007) ("*Rotte I*"); (ii) *Rotte v. United States*, No. 2:09-cv-14346-KMM (S.D. Fla. filed Oct. 13, 2009) ("*Rotte II*"); (iii) *Rotte v. United States*, No. 2:12-cv-14284-KMM (S.D. Fla. filed Aug. 10, 2012) ("*Rotte III*"); and (iv) *Rotte v. United States*, No. 2:14-cv-14036-KAM (S.D. Fla. filed Jan. 29, 2014) ("*Rotte IV*").

Plaintiff filed this fifth lawsuit on November 23, 2021 seeking twenty million dollars in damages for false claims, extreme negligence, intentional misuse of authority, mental anguish, defamation of character and emotional distress.  Plaintiff's claims are based on "the multiple false claims of unpaid taxes, excessive fines, and continued harassment" from the Defendant.  DE 1 at ¶4.  The Complaint alleges that the IRS wrongfully filed two separate tax liens on Plaintiff's homestead, placed liens on and garnished Plaintiff's Social Security benefits, and placed a levy on Plaintiff's employment income.  *Id*. at ¶¶ 6-8.  One of the recorded liens was in the amount of $93,294.63 and another was for $7,211.05.  *Id*. at ¶¶16-17.  The liens appear to be based on two tax assessments: (1) an amount of $93,294.63 assessed as tax liability against Plaintiff for 2004 ("2004 Tax Liability"), and (2) a civil penalty assessed against Plaintiff for 2004 in the amount of $7,211.05 for a frivolous filing ("2004 Civil Penalty").[1]  DE 8.  Plaintiff says the liens have caused him financial loss, damaged credit, physical illness and mental anguish.  *Id*. at ¶¶ 1, 4, 20, 23-25.

In support of his claims, Plaintiff attaches three documents to his Complaint.  The first document is a notice from the IRS, dated June 4, 2012, noting changes made to Plaintiff's 2004 Form 1040A ("2012 Notice").[2]  DE 1 at 6.  Although the $93,294.63 amount appears on the 2012 Notice, reductions are reported as well bringing the amount of his 2004 Tax Liability to zero.  *Id*.  The second document is an annual reminder notice from the IRS, dated December 9, 2019, noting an amount owed for a civil penalty in 2004.  ("Civil Penalty Notice").  DE 1 at 7.  The amount on

---

[1] Plaintiff's initial complaint in *Rotte IV* attaches the Notice of Penalty Charge for the 2004 tax year stating that a $5,000 penalty was charged under § 6702(b).  *Rotte IV*, DE 1 at 8.  "The IRS may impose penalties on any person who submits an argument that previously has been deemed frivolous or reflects a desire to delay or impede tax collection."  *Chapman v. Comm'r of Internal Revenue*, 715 F. App'x 885, 887 (11th Cir. 2017) (citing 26 U.S.C. § 6702(b) (stating that the initial civil penalty amount is $5,000)).

[2] The 2012 Notice, which Plaintiff attaches to his Complaint in the instant case, reflects the June 4, 2012 IRS determination that Judge Marra discussed in the *Rotte IV* case.  *See Rotte IV*, DE 69 at 1-2.

the Civil Penalty Notice is $7,211.05, and the Notice informs Plaintiff that: "We're required to send you this annual reminder explaining the amount you still owe for your 2004 (Form CVL PEN) taxes." DE 1 at 7. The third document is a letter to Plaintiff from United States Senator Marco Rubio, dated September 24, 2021. The letter states that Sen. Rubio inquired about Plaintiff's tax situation, and the Taxpayer Advocate Service indicated that Plaintiff is not owed any money and has no outstanding balance on his tax account. DE 1 at 5. Plaintiff further alleges that "the 2004 tax year was corrected and officially cleared by the [IRS]." DE 1 at ¶10.

In its motion to dismiss, Defendant argues that the Court lacks subject matter jurisdiction; Plaintiff fails to state a claim on which relief can be granted; Plaintiff's claims are barred by *res judicata*; and Plaintiff has not effectuated proper service of process. After discussing the applicable legal standards, I will address each of Defendant's arguments.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal of a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a defendant can move for dismissal on grounds that the court lacks subject matter jurisdiction by either facial attack or factual attack. *McElmurray v. Consolidated Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A 'facial attack' on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations and citation omitted). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony." *Hadar v. Broward Cnty.*, No. 15-CV-61845, 2016 WL 4503343, at *1 (S.D. Fla. June 16, 2016), *aff'd*, 692 F. App'x 618 (11th Cir. 2017).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the complaint's allegations are viewed in the light most favorable to the plaintiff, *Hawthorne v. MacAdjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  A claim is subject to dismissal if the Plaintiff can prove no set of facts to support the claim.  *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005).  Alternatively, dismissal is warranted when the allegations on their face show that an affirmative defense or other legal bar precludes recovery on the claim. *See Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2003).

For purposes of the Rule 12(b)(6) analysis, a court assumes as true all of Plaintiff's well-pleaded facts and construes all inferences reasonably drawn therefrom in his favor.  If the allegations in the complaint are more conclusory than factual, however, a court is not required to assume their truth.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). A complaint can only survive Rule 12(b)(6) dismissal if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662.  "Mere 'labels and conclusions … will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted).

If a complaint is filed with exhibits, a court must also consider the facts derived from the exhibits.  Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes.  *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020); *see also Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019); *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  Where the facts in the exhibits contradict the allegations in the complaint, the exhibits control.  *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); Fed. R. Civ. P. 10(c) (providing that a written instrument that is an exhibit to a pleading is part of the pleading for all purposes); *see also Jordan v. Miami-Dade Cty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) ("Exhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

Although a court ordinarily may not look beyond a plaintiff's complaint and its exhibits in determining a motion to dismiss, a court may nonetheless consider documents that may be judicially noticed.  *Plantation Open MRI LLC v. Infinity Auto Ins. Co.*, No. 19-60911-CIV, 2019 WL 2867198, at *1 (S.D. Fla. July 3, 2019) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Among the matters that may be judicially noticed are court documents from a prior court action.  *See, e.g., Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1076 n. 9 (11th Cir. 2013); *see also United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).

In reviewing a complaint filed by a *pro se* litigant, a court must apply the "liberal construction to which *pro se* pleadings are entitled."  *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (noting that *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally

construed).  However, "[t]he pauper's affidavit should not be a broad highway into the federal courts."  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).  At bottom, the question is not whether the claimant "will ultimately prevail … but whether his complaint [is] sufficient to cross the federal court's threshold."  *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## **ANALYSIS**

### A.    **Subject Matter Jurisdiction**

Plaintiff seeks money damages for torts allegedly committed against him by the IRS.  Such claims, however, are barred by sovereign immunity.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity."  *Galvez v. IRS*, 448 F. App'x 880, 884 (11th Cir. 2011) (per curiam).  A plaintiff bears the burden of establishing subject matter jurisdiction and must prove an explicit waiver of immunity.  *Ishler v. IRS*, 237 F. App'x 394, 398 (11th Cir. 2007) (per curiam).

Plaintiff fails to allege any facts that would demonstrate a waiver of sovereign immunity.  Nor can I discern any facts that would suggest such a waiver.

First, while a federal court can hear certain claims arising from negligent or wrongful actions committed by United States employees within the scope of their official duties, 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.* ("FTCA"), does not waive the United States' sovereign immunity for claims arising out of the federal income tax assessment or collection.  *Ishler*, 237 F. App'x at 398 (stating that by its express language the FTCA does not

6

apply to "[a]ny claim arising in respect of the assessment or collection of any tax …") (*citing* 28 U.S.C. §2680(c)); *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) ("Section 2680(c) has been interpreted broadly by the courts to preclude suits for damages arising out of the allegedly tortious activities of IRS agents when those activities were in any way related to the agents' official duties."). As recently recognized by the Eleventh Circuit in *Makozy v. Zimmerer*, 850 Fed. App'x. 722 (11th Cir. 2021), "The Federal Tort Claims Act waives sovereign immunity for certain tort claims against the United States and its agencies, subject to several conditions. 28 U.S.C. §1346(b)(1). But, with exceptions not relevant here, the FTCA waiver does not apply to claims arising from the assessment or collection of any tax." *Id.* at 724. Thus, sovereign immunity is not waived in this case by the FTCA.

Sovereign immunity is also not waived by 28 U.S.C. § 1346. Pursuant to 28 U.S.C. § 1346(a), the United States has waived its sovereign immunity for civil actions filed against it "for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected[.]" 28 U.S.C. § 1346(a)(1). The Eleventh Circuit has held that § 1346 "provides for a conditional waiver of sovereign immunity for federal suits seeking the recovery of taxes 'alleged to have been erroneously or illegally assessed or collected.'" *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) (quoting 28 U.S.C. § 1346). There are, however, two jurisdictional prerequisites that must be met before Plaintiff can proceed under § 1346. First, "the taxpayer must make full payment of [the subject] assessed tax …." *Id.* (internal quotation marks and citation omitted); *see also Flora v. United States*, 362 U.S. 145, 146, 177 (1960) ("[C]orrectly construed, [§ 1346(a)(1)] requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."). Second, "'a claim for refund or credit [must have] been duly filed with the Secretary [of Treasury] according to the provisions of law in that regard,

and the regulations of the Secretary established in pursuance thereof.'" *Id.* (quoting 26 U.S.C. § 7422(a)).  The Complaint fails to address the two jurisdictional requirements of § 1346.  There are no allegations regarding Plaintiff's satisfaction of the full payment rule and no allegations of a claim for refund or credit being filed with the Secretary of Treasury regarding the 2004 Civil Penalty.[3]  Furthermore, the face of the Complaint acknowledges that the 2004 Tax Liability was reduced to zero eliminating any need to pay and pursue a refund.  Thus, Plaintiff has failed to meet his burden to show a waiver of subject matter jurisdiction under §1346.

Further, although the Complaint does not expressly request an injunction or declaratory judgment, I agree with Defendant that the Complaint could be liberally construed as seeking injunctive or declaratory relief.  To the extent that is so, the Anti-Injunction Act and Declaratory Judgment Act bar such relief.  "The Anti-Injunction Act … 26 U.S.C. § 7421(a), apart from several statutory exceptions not applicable here,[4] 'generally forbids courts to restrain the IRS from assessing or collecting a tax.'" *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017)

---

[3] Plaintiff includes vague allegations in his Response about making payment and filing for a refund. DE 9 at 1.  As discussed further *infra*, Plaintiff needs to plausibly allege that he satisfied the prerequisites to filing a refund suit for the 2004 Civil Penalty.  *See Irwin v. Miami-Dade Cnty. Pub. Sch.*, No. 06-23029-CIV, 2009 WL 465038, at *2 (S.D. Fla. Feb. 24, 2009), *aff'd*, 398 F. App'x 503 (11th Cir. 2010) (explaining that new allegations raised in a *pro se* plaintiff's response to a motion to dismiss are appropriately raised in an amended complaint).

[4] The exceptions relate to:

> (1) a petition for review by the Tax Court for relief from joint and several liability on joint returns [26 U.S.C. § 6015(e) ]; (2) the assessment and collection of deficiencies prior to the issuance of a notice of deficiency [§ § 6212(a) and (c) and 6213]; (3) a premature action for assessing a deficiency attributed to a partnership [§ § 6225(b), 6246(b) ]; (4) suspension of a levy action if a hearing is requested under Section 6330(a)(3)(B) [§ 6330(e)(1) ]; (5) suspension of a levy action during the pendency of proceedings for a refund of divisible tax [§ 6331(i) ]; (6) the collection of "responsible person" penalties where a bond has been filed [§ 6672(c) ]; (7) the collection of a tax return preparer penalty [§ 6694(c) ]; (8) the enforcement of a levy on property where such enforcement would injure the interest of a lienholder other than the person against whom the tax has been assessed [§ § 7426(a) and (b)(1) ]; (9) the review of the reasonableness of a jeopardy assessment [§ 7429(b) ]; and (10) proceedings for determination of employment status [§ 7436].

*Hovind v. Schneider*, No. 3:02CV297/RV/MCR, 2002 WL 31835439, at *2 (N.D. Fla. Oct. 31, 2002).

(quoting *Hempel v. United States*, 14 F.3d 572, 573 (11th Cir. 1994)).  In rare circumstances, federal courts may enjoin the collection of taxes if a plaintiff shows: "(1) under no circumstances could the government ultimately prevail on its tax claim; or (2) equity jurisdiction otherwise exists." *Hovind v. Schneider*, No. 3:02CV297/RV/MCR, 2002 WL 31835439, at *2 (N.D. Fla. Oct. 31, 2002) (citing *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir.1990)).  Also, "the Anti-Injunction Act will not bar a claim if its application would 'entirely deprive [a party] of any opportunity to obtain review of its claims.'"  *In re Walter Energy, Inc.*, 911 F.3d 1121, 1138 (11th Cir. 2018) (quoting *South Carolina v. Regan*, 465 U.S. 367, 380 (1984)).

Here, Plaintiff fails to allege facts sufficient for this Court to grant injunctive relief.  As Defendant correctly argues, the allegations in the Complaint do not make clear that there are no circumstances in which the Government could ultimately prevail.  Nor are there any allegations in the Complaint showing that alternative legal processes are lacking.[5]  Therefore, this Court lacks subject matter jurisdiction to consider injunctive relief for the Complaint as currently pled.  *In re Walter Energy, Inc.*, 911 F.3d at 1136 ("When the Anti-Injunction Act applies, it deprives federal courts of jurisdiction.").

Similarly, to the extent Plaintiff seeks a declaratory judgment against Defendant, the Court has no subject matter jurisdiction to consider such a claim.  "The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, which generally authorizes courts to issue declaratory judgments as a remedy, excludes federal tax matters from its remedial scheme." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188-89 (11th Cir. 2011) (citing *Raulerson v. United States*, 786

---

[5] As discussed *infra*, in *Rotte I*, District Judge Jose E. Martinez found at the summary stage that Plaintiff had demonstrated a genuine issue of material fact as to whether Defendant had sent Plaintiff a Notice of Deficiency regarding the 2004 Tax Liability and that Plaintiff had submitted evidence that he could not pay the tax liability in full. *Rotte I*, DE 102 at 14.  Therefore, the Court found that the facts created a triable issue as to whether Plaintiff had an adequate remedy at law. *Id.*  The Complaint in the instant case, however, does not raise the same issue regarding an adequate remedy at law.

F.2d 1090, 1093 n. 7 (11th Cir.1986) ("The [DJA] proscribes judicial declaration of the rights and legal relations of any interested parties in disputes involving federal taxes." (internal quotation marks omitted)).   Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted.

**B.      Failure to State a Claim Upon Which Relief Can Be Granted**

Since the Complaint contains no reference to specific statutes, it is unclear what federal statutes Plaintiff believes give him a cause of action to seek judicial review of the IRS assessments and levies against him.  Nonetheless, I construe Plaintiff's Complaint liberally to consider whether it states a claim for which relief can be granted under 26 U.S.C. § 7433(a) or 26 U.S.C. § 7432(a).

"Section 7433 of the Internal Revenue Code authorizes a civil action for damages against the United States if an IRS employee acts unlawfully in the collection of federal tax." *Dean v. United States*, 861 F. App'x 349, 352 (11th Cir. 2021) (citing 26 U.S.C. § 7433(a)).  Specifically, § 7433 provides that—

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court in the United States.

26 U.S.C. § 7433(a).

The Complaint fails to state a claim under § 7433 because it fails to articulate how the IRS engaged in unlawful collections activity.  Section 7433 provides a remedy for improper collection of taxes only where an employee of the IRS recklessly or intentionally disregards a statute or regulation.  It cannot be used to challenge an assessment of taxes.  In *Shaw v. United States*, 20 F.3d 182 (5th Cir. 1994), the court explained the difference between improper *assessment* and improper *collection* of taxes:

> [I]mproper assessment deals with the decision to impose tax liability while improper collection activities involve conduct of an agent trying to collect the taxes owed. *Miller v. U.S.*, 763 F. Supp. 1534, 1543 (N.D. Cal. 1991). To demonstrate a violation of each claim involves proof of distinctive facts – to prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets.

*Shaw*, 20 F.3d at 184.

The Complaint fails to allege facts plausibly showing the IRS did not follow the law in its collection activities. Plaintiff therefore fails to state a claim under § 7433. *See, e.g., Dockens v. U.S.*, 2017 WL 10087265, *8 (N.D. Ga. Feb. 10, 2017) (complaint failed to state a claim where Plaintiff failed to describe how IRS employees recklessly or intentionally disregarded some provision of the Internal Revenue Code as it related to collecting, not assessing, a tax); *Hynard v. IRS*, 233 F. Supp.2d 502, 510 (S.D.N.Y. 2002), aff'd, 87 F. App'x 220 (2d Cir. 2004) (complaint failed to state a claim where it did not allege facts sufficient to show that IRS employees recklessly or intentionally disregarded some provision of the Internal Revenue Code). Plaintiff has therefore failed to state a claim under § 7433.

The Complaint also fails to allege that Plaintiff exhausted his administrative remedies as required by § 7433. The Eleventh Circuit has held that failure to exhaust administrative remedies under § 7433 is not a jurisdictional bar to suit, but it does make a complaint subject to dismissal under Rule 12(b)(6) for failure to state a claim. *See Galvez v. IRS*, 448 F. App'x 880, 887 (11th Cir. 2011). To exhaust administrative remedies, Plaintiff was required to comply with the requirements set forth in 26 CFR § 301.7433-1(e)(1)-(2).[6] Plaintiff does not address the administrative remedies he must exhaust first before seeking judicial relief.

---

[6] Section 301.7433 of the Code of Federal Regulations provides in relevant part:

The Complaint also fails to state a claim under 26 U.S.C. § 7432(a), which provides a cause of action for failure to release a tax lien. "Under 26 U.S.C. § 7432, a taxpayer may bring a civil action for damages against the United States if any officer or employee of the IRS knowingly, or by reason of negligence, fails to release a lien under 26 U.S.C. § 6325 on the property of the taxpayer." *Rotte v. United States*, 701 F. App'x 894, 896 (11th Cir. 2017) (citing 26 U.S.C. § 7432(a)).   Section 7432 also requires, however, that a plaintiff first exhaust the administrative remedies available to him within the Internal Revenue Service.  26 U.S.C. § 7432(d)(1).[7]  Again,

---

(e) Procedures for an administrative claim—(1) Manner. An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

(2) Form. The administrative claim shall include:
    (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
    (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
    (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
    (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
    (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

26 C.F.R. §§ 301.7433–1(e)(1)–(2).

[7] Section 301.7432-1 of the Code of Federal Regulations provides in relevant part:

(e) No civil action in federal district court prior to filing an administrative claim—(1) Except as provided in paragraph (e)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:

    (i) The date a decision is rendered on a claim filed in accordance with paragraph (f) of this section; or
    (ii) The date 30 days after the date an administrative claim is filed in accordance with paragraph (f) of this section.

(2) If an administrative claim is filed in accordance with paragraph (f) of this section during the last 30 days of the period of limitations described in paragraph (i) of this section, the taxpayer may file an action in federal district court anytime after the administrative claim is filed and before the expiration of the period of limitations, without waiting for 30 days to expire or for a decision to be rendered on the claim.

the Complaint fails to describe Plaintiff's efforts to exhaust his administrative remedies before

filing suit.  The Complaint also fails to allege facts showing Plaintiff's current lawsuit is within

the appropriate time for bringing an action.  *See* 26 U.S.C. § 7432(d)(3) (noting that an action to

enforce liability under § 7432 must be brought within two years after the date the right of action

accrues).   As currently pleaded, the Complaint fail to state a cause of action under § 7432.

I therefore recommend that Defendant's motion to dismiss should be granted due to

Plaintiff's failure to state a claim under 26 U.S.C. §§7433 and 7432.

**C.     Res Judicata**

*Res judicata* precludes "a subsequent claim when a court of competent jurisdiction entered

a final judgment on the merits of the same cause of action in a prior lawsuit between the same

parties." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).  *Res judicata*

bars not only claims that were raised, but also claims that could have been raised in the prior action.

---

(f) Procedures for an administrative claim—(1) Manner. An administrative claim for actual, direct economic damages as defined in paragraph (c) of this section shall be sent in writing to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer currently resides or the district in which the notice of federal tax lien was filed.

(2) Form. The administrative claim shall include:
    (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
    (ii) A copy of the notice of federal tax lien affecting the taxpayer's property, if available;
    (iii) A copy of the request for release of lien made in accordance with § 401.6325–1(f) of the Code of Federal Regulations, if applicable;
    (iv) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
    (v) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
    (vi) The dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
    (vii) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

26 C.F.R. § 301.7432-1(e) and (f)(1)-(2).

*Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). "The doctrine facilitates 'the conclusive resolution of disputes' by reducing 'the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (quoting *Montana v. United States*, 440 U.S. 147 153-54 (1979)). The doctrine does not apply, however, if the prior adjudication did not offer a full and fair opportunity to litigate. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481, n. 22 (1982); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980). *Res judicata* is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A "party may raise a *res judicata* defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). As such, the party raising it carries the burden to demonstrate that it applies. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

Federal courts apply federal common law to determine whether a prior federal court judgment has preclusive effect. *Baloco v. Drummond Co.*, 767 F.3d 1229, 1246 (11th Cir. 2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). Claim preclusion bars a subsequent suit when: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the same cause of action is involved in both cases; and (4) the parties, or those in privity with them, are identical in both suits." *Id.* In determining the third element, the Eleventh Circuit employs "the so-called 'transactional' approach to determine ... 'if a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action." *Id.* at 1247 (quoting *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010)).

To determine whether *res judicata* applies to bar some or all of Plaintiff's claims, Plaintiff's current claims must be compared to the claims raised and resolved in his past lawsuits. While the Complaint is not a model of specificity, it does sufficiently identify at least two tax assessments that Plaintiff believes to be wrongful, namely, the 2004 Tax Liability and the 2004 Civil Penalty. Thus, I consider the extent to which these two tax issues were raised or could have been raised in prior cases.

In *Rotte I*, United States District Judge Jose E. Martinez dismissed Plaintiff's case for lack of prosecution on March 12, 2009 because Plaintiff failed to introduce evidence to meet his burden of proof at trial. *Rotte I*, DE 111. Prior to that dismissal, Judge Martinez granted Defendant's motion for summary judgment in part for, among other things, Plaintiff's claims pertaining to the 2004 Tax Liability. *Rotte I*, DE 102 at 9-15. First, as to Plaintiff's claim brought under 26 U.S.C. § 7433(a) for illegal collection activities, Judge Martinez found that "Plaintiff ha[d] not exhausted his administrative remedies"; therefore, he granted Defendant's motion for summary judgment as to this claim. *Id.* at 9-10. Second, Judge Martinez denied Defendant's motion for summary judgment regarding Plaintiff seeking to enjoin the collection of taxes assessed for 2004. *Id.* at 11-15. Judge Martinez found that a genuine issue of material fact existed as to whether Plaintiff satisfied the judicially created exception to the Anti-Injunction Act, 26 U.S.C. § 7421(a). *Id.* Specifically, Judge Martinez found a dispute as to whether Plaintiff had an adequate remedy at law because (i) Plaintiff testified that he could not prepay the taxes as required to seek a refund, and (ii) Plaintiff was precluded from seeking relief in tax court if, as he averred, he did not receive a Notice of Deficiency. *Id.*

In *Rotte II*, on January 13, 2010, United States District Judge K. Michael Moore granted Defendant's motion to dismiss Plaintiff's claim "asserting that the [Internal Revenue Service]

wrongfully filed a federal tax lien against him for his 2004 tax liabilities." *Rotte II*, DE 21.  Judge Moore determined that Judge Martinez's Final Order of Dismissal in *Rotte I* barred Plaintiff's claim on grounds of *res judicata*.  Judge Moore denied Plaintiff's motion for reconsideration on February 2, 2010.  In 2012, Plaintiff filed two motions for reconsideration, which Judge Moore denied.  *Rotte II*, DE 32; DE 36.

In *Rotte III*, United States District Judge K. Michael Moore granted, on January 3, 2013, Defendant's motion to dismiss Plaintiff's claims asserting that the Internal Revenue Service engaged in reckless collection actions and unreasonably failed to release a tax lien against him. *Rotte III*, DE 16.  Judge Moore noted that the Court could not determine whether Plaintiff's claims were barred by the doctrine of *res judicata*, and he allowed Plaintiff an opportunity to amend his complaint to clarify his causes of action and their factual support.  *Id.* at n. 1 and 2.  Plaintiff did not file an amended complaint that was compliant with the Court's order.  *Rotte III*, DE 18. Therefore, Judge Moore dismissed Plaintiff's action and closed the case.  *Id.*  Judge Moore also denied Plaintiff's motion for reconsideration.  *Rotte III*, DE 22.

In *Rotte IV*, on April 18, 2016, United States District Judge Kenneth A. Marra granted summary judgment in favor of Defendant.  In detailing the background facts Judge Marra explained:

> In 2004, Plaintiff Harold Rotte ("Plaintiff") sold real property and realized a gain from the sale. The Internal Revenue Service ("IRS") received a Form 109-S, Proceeds from the Sale of Real Estate Transactions, regarding the sale of this property. The form indicated that the sale did not involve Plaintiff's principal residence. (E. Church Aff. ¶ 6, DE 53-1.) Because the IRS did not receive a federal tax return for the 2004 year from Plaintiff, the IRS calculated Plaintiff's federal income tax liabilities for the 2004 tax year without the benefit of a return and calculated tax liability under its deficiency procedures. (Church Aff. ¶ 5.) The IRS made an assessment against Plaintiff for an additional tax of $52,127.00 based on capital gains associated with the sale of real estate. (Church Aff. ¶ 7.) On April 9, 2009, the IRS recorded a Notice of Federal Tax Lien against Plaintiff. (Church Aff. ¶ 8.)

16

Although Plaintiff claimed this liability was in error, the IRS did not receive any supporting documentation from Plaintiff that would suggest that the property was his principal residence. The IRS told Plaintiff that it needed a return and supporting documentation to reconsider the assessment of his 2004 tax liabilities. (Church Aff. ¶ 9.)

On its own, on December 12, 2011, the IRS obtained copies of property tax payments from the Brevard County Tax Assessor that indicated the property sold by Plaintiff in 2004 was his principal residence. (Church Aff. ¶ 10.) The IRS contacted Plaintiff and told him to file a tax return with this supporting documentation in order that the IRS could reconsider his tax liabilities. (Church Aff. ¶ 11.) Plaintiff did not do so and, on January 27, 2012, the IRS prepared and sent for his signature a 2004 tax return so his liability could be reconsidered. (Church Aff. ¶ 12.)

On February 6, 2012, the IRS received back a signed copy of the return and the IRS began to process it for reconsideration of the 2004 tax liabilities. (Church Aff. ¶ 13; Pl. Dep. 83, DE 53-3.) On February 13, 2012, the IRS recorded a Withdrawal of Filed Notice of Federal Tax Lien and processed the 2004 tax return. (Church Aff. ¶¶ 13-14; Pl. Dep. 84.) On June 4, 2012, the IRS made a determination that Plaintiff did not owe tax for the 2004 tax year and abated his tax liabilities, penalties and interest for that year.[8] (Church Aff. ¶ 16.)

*Rotte IV*, DE 69 at 1-2; *see also Rotte v. United States*, No. 14-14036-CIV, 2016 WL 7405780, at *1 (S.D. Fla. Apr. 18, 2016), *aff'd*, 701 F. App'x 894 (11th Cir. 2017).  Judge Marra granted summary judgment in favor of Defendant because Plaintiff failed to establish a triable issue relating to claims that the IRS failed to timely release the $93,274.63 tax lien or that the IRS violated § 7433 by using unlawful collection procedures.  *Rotte IV*, DE 69; *Rotte*, 2016 WL 7405780, at *2-*3.

Having compared Plaintiff's claims in this lawsuit with his claims in the past, I recommend that *res judicata* bars claims predicated on the 2004 Tax Liability because such claims were resolved on the merits in *Rotte IV*.  *Rotte IV*, Order Granting Defendant's Motion for Summary

---

[8] The Government's Motion for Summary Judgment included an attachment that detailed $93,274.63 in taxes abated as follows: (i) Estimated Tax Penalty ($1,513.10); (ii) Prior Tax ($52,127.00); (iii) Late Filing Fee ($11,728.58); (iv) Failure to Pay Tax Penalty ($13,031.74); and (v) Interest ($14,874.21).  *Rotte IV*, DE 53-2 at 5.

Judgment, DE 69.   All elements of claim preclusion are met.   First, in *Rotte IV*, a final judgment was issued in Defendant's favor on the merits.   Second, the decision was rendered by a court of competition jurisdiction and was affirmed by the Eleventh Circuit.   Third, the same cause of action was involved.   Similar to the instant action, Plaintiff alleged in *Rotte IV* that the Government erred in calculating his 2004 income taxes and sued for $50 million for "deceit, defamation, loss to good reputation, failure to release lien, unreasonable collection actions and abuse of civil process." *Rotte IV*, DE 28 at 4-5.   As pertaining to Plaintiff's 2004 Tax Liability, the present action arises from "the same nucleus of operative facts" as *Rotte IV*, specifically the facts leading to the $93,274.63 tax lien and its ultimate release.   *Baloco*, 767 F.3d at 1247.   In *Rotte IV*, Judge Marra decided the subject tax lien provided no basis for Plaintiff's claims.   *Rotte IV*, DE 69 at 5-6.   Fourth, the parties in *Rotte IV* and the instant litigation are the same.   Moreover, Plaintiff had a full and fair opportunity to litigate this claim.   *Kremer*, 456 U.S. at 481, n. 22.   Accordingly, Defendant's motion to dismiss claims based on the 2004 Tax Liability and $93,274.63 tax lien on grounds of *res judicata* is due to be granted.[9]

I do not agree, however, that *res judicata* bars claims predicated on the 2004 Civil Penalty since that issue was not fully litigated in *Rotte IV* or in Plaintiff's previous cases.   The 2004 Civil Penalty came up in two ways in *Rotte IV*.   First, in addressing a motion to dismiss, Magistrate Judge Frank Lynch explained that the IRS had assessed a $5,000 civil penalty against Plaintiff on February 22, 2010 "for an *unspecified and unidentified* frivolous filing related to the 2004 tax

---

[9] I do not reach whether *res judicata* bars Plaintiff's claims on the basis of *Rotte I* because finding that *Rotte IV* bars Plaintiff's claims is sufficient.   In *Rotte IV*, District Judge Marra determined at the motion to dismiss stage that *res judicata* was "not a basis for dismissal of the complaint … and therefore … should no longer be raised as a grounds for dismissal at the motion to dismiss stage."   *Rotte IV*, DE 27 at 2.   As discussed herein, the Court then proceeded at summary judgment to address Plaintiff's claims pertaining to the 2004 Tax Liability on the merits and entered Judgment for Defendant.   *Rotte IV*, DE 69, DE 70.

liability dispute."[10]  *Rotte IV*, DE 33 at 6 (emphasis added).  "Although the IRS abated its tax assessment for the 2004 tax year, the IRS kept the civil penalty."  *Id.*  Magistrate Judge Lynch noted that the Taxpayer Advocate advised the Plaintiff that the next step to challenge the civil penalty was to sue in Tax Court but it did "not appear that Plaintiff ha[d] done so."  *Id.*  Magistrate Judge Lynch therefore recommended that Plaintiff was precluded from including in *Rotte IV* a claim for relief based on the civil penalty because, assuming the time to file a petition in Tax Court had passed, Plaintiff had to pursue other options.  *Id.* at 6-7.  Specifically, Magistrate Judge Lynch determined that Plaintiff had to pay the full penalty, file an administrative claim for relief, and if necessary, file suit in federal court for a refund.  *Id.* at 7.  District Judge Marra adopted the magistrate judge's report and recommendation "to the extent that the Motion to Dismiss [wa]s granted in part and denied in part."  DE 36 at 2.  Given that Judge Lynch addressed the 2004 Civil Penalty in *Rotte IV*, an argument can be made that claims based on the 2004 Civil Penalty are barred by *res judicata* in this case.

However, the 2004 Civil Penalty re-emerged as an issue in *Rotte IV* when Plaintiff filed a motion to amend his complaint to add a claim based on the 2004 Civil Penalty.  *Rotte IV*, DE 58.  Plaintiff attached to the motion an IRS notice pertaining to the 2004 Civil Penalty, which stated that the amount due by January 11, 2016, was $6,036.43.  *Id.* at 4.  Perhaps to show he filed an administrative claim for relief as the magistrate judge indicated, Plaintiff also attached an IRS letter dated November 25, 2015, stating that his claim for civil damages for failure to release a lien

---

[10] Plaintiff's initial complaint in *Rotte IV* attached correspondence from the IRS dated February 22, 2010, stating that "[Plaintiff had] been charged a penalty [of $5,000] for Specified Frivolous Submissions."  *Rotte IV*, DE 1 at 8. Plaintiff's operative complaint in *Rotte IV* attached correspondence from the Taxpayer Advocate Service dated October 31, 2013, stating that "the [IRS] did not accept [his] request for penalty abatement for tax year 2004" and that "[a] disallowance letter was sent ... explaining the reason why this claim was denied" ("2013 Letter").  *Rotte IV*, DE 28 at 19.  The 2013 Letter further explained that the disallowance letter included instructions on how to file suit in U.S. Tax Court if Plaintiff disagreed.  *Id.*

was denied as having been filed outside the two-year limitation period.[11]  *Rotte IV*, DE 58 at 3.

The letter further stated that Plaintiff could "file a civil action for damages ... in federal district

court ... two years from the date of the action ... believe[d] [to have] caused ... damages."  *Id.*

Importantly, Defendant objected to Plaintiff's motion to amend his complaint on the basis that the

2004 Civil Penalty was unrelated to the focus of the *Rotte IV* litigation.  In objecting, Defendant

posited that the "civil penalty, which was assessed separately, is unrelated to Plaintiff's 2004

federal income tax liabilities, which are the focus of this case."  *Rotte IV*, DE 66 at 2.  Ultimately,

Judge Marra denied Plaintiff's motion to amend, *Rotte IV*, DE 68, and the case then proceeded as

discussed above with reference to the 2004 Tax Liability and related tax lien issues only.  Thus,

since Plaintiff's motion to amend to include a claim based on the 2004 Civil Penalty was denied

in *Rotte IV*, I conclude that Plaintiff did not have an opportunity to fully litigate issues related to,

or claims based on, the 2004 Civil Penalty in *Rotte IV.  CSX Transp., Inc.*, 327 F.3d at 1317.

Additionally, notwithstanding Defendant's assertion otherwise, I do not find that *Rotte III*

represented a final judgment on the merits of the same cause of action so as to bar claims based on

the 2004 Civil Penalty in the present litigation on grounds of *res judicata*. Defendant's Motion to

Dismiss in *Rotte III* summarized Plaintiff's claims as being based upon "a Notice of Federal Tax

Lien against him for the year 2004 in the Indian River County, Florida public records[, which the

IRS] allegedly failed to timely withdraw."  *Rotte III*, DE 9 at 1.  The Court, however, failed to find

that Plaintiff's claim was thus grounded.  As previously discussed, the Court dismissed Plaintiff's

action because he failed to identify and sufficiently plead facts supporting an actionable legal

theory. *Rotte III*, DE 16 at 2, n. 2.  The Court then dismissed the action after Plaintiff failed to

---

[11] The applicability of the November 2015 letter to he 2004 Civil Penalty is unclear because there is no indication that a lien was filed with respect to the 2004 Civil Penalty.  The lien that was litigated in *Rotte IV* pertained to Plaintiff's 2004 Tax Liability.

correct the pleading deficiencies.  *Rotte III*, DE 18; DE 22.  Defendant does not make clear how or why claims based on the 2004 Civil Penalty could have been raised in *Rotte III* in order to bar Plaintiff's claims now.  Thus, I conclude that *Rotte III* does not provide grounds to bar such claims in this action.  I therefore recommend that Defendant's motion to dismiss claims related to the 2004 Civil Penalty on *res judicata* grounds should be denied.

Nonetheless, Plaintiff should be cautioned that he cannot repeatedly litigate the same claims without making the requisite showing of entitlement to relief.  The magistrate judge in *Rotte IV* instructed Plaintiff regarding what he must do to pursue relief with respect to the 2004 Civil Penalty.  Again, if he had not timely contested the 2004 Civil Penalty in Tax Court, then Plaintiff was required to full pay it, file an administrative claim for refund, and following that, if necessary, file suit in federal district court for a refund within a specific time frame.  *Rotte IV*, DE 33 at 6-7; *see also Rotte IV*, DE 29, n. 3 (Defendant's Motion to Dismiss) (citing *Flora*, 362 U.S. at 150-51, which the Eleventh Circuit recently confirmed in *Tinnerman v. United States* stands for the proposition that the United States has waived sovereign immunity relative to contested tax liability ***only*** in the case of refund suits where the full amount has been paid, No. 21-14023, 2022 WL 3654844, at *4 (11th Cir. Aug. 25, 2022)).  As more fully discussed *supra*, among other things not clear from the complaint, it is unclear whether Plaintiff pursued remedies in Tax Court or whether he has met prerequisites for contesting the 2004 Civil Penalty through a refund suit in federal district court.  Plaintiff must make clear the legal theory on which he grounds his claims regarding the 2004 Civil Penalty and then plead facts sufficient to show he is entitled to such relief.  Otherwise, his claim may be dismissed with prejudice, and he may be barred from seeking relief regarding the 2004 Civil Penalty.

D.      **Deficient Service of Process**

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(5) due to deficient service of process under Fed. R. Civ. P. 4(m).  DE 8 at 17-18. Because I find that Plaintiff's action is due to be dismissed on grounds of lack of subject matter jurisdiction, failure to state a claim, and *res judicata*, I recommend that Defendant's motion to dismiss be denied as moot to the extent it rests on grounds of insufficient service of process.  *See Wood v. United States*, No. 20-CV-81663-RAR, 2021 WL 327640, at *6 (S.D. Fla. Jan. 31, 2021), *appeal dismissed sub nom. Wood v. Internal Revenue Serv.*, No. 21-10485-GG, 2021 WL 2010326 (11th Cir. Apr. 12, 2021) (denying as moot defendants' motion to dismiss for lack of personal jurisdiction, insufficient service, and insufficient process because the Court found dismissal warranted for lack of subject matter jurisdiction and failure to state a claim).

## **CONCLUSION**

In sum, I recommend that Plaintiff's action is due to be dismissed with prejudice on grounds of *res judicata* as it relates to the 2004 Income Tax Liability.  I also recommend that Plaintiff's action in its entirety is due to be dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim.  With respect to the 2004 Civil Penalty, I recommend that Plaintiff be provided with one opportunity to replead his claims.  *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018) (stating that a district court is required to "to give a pro se plaintiff the opportunity to amend the complaint" when "deficiencies … might be curable").  Having found dismissal warranted on these bases, I do not reach Defendant's arguments regarding insufficient service of process.

**ACCORDINGLY**, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss (DE 8) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion to Dismiss should be **GRANTED IN PART** on grounds of *res judicata*, and claims based on the 2004 Tax Liability should be **DISMISSED WITH PREJUDICE**;

2. The Motion to Dismiss should be **GRANTED** and the Complaint **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6);

   i. Plaintiff should be afforded one opportunity to amend, within 20 days of the Court's Order, in order to sufficiently plead a cause of action based on his 2004 Civil Penalty;

   ii. Furthermore, if given the opportunity to file an amended Complaint regarding claims relating to the 2004 Civil Penalty, I caution Plaintiff that he must adhere to the following instructions. Failure to do so may lead to dismissal with prejudice: (1) The amended complaint may provide a brief introductory overview of the case. It must, however, set forth each cause of action ("Count") separately in the form of a "short plain statement of the claim," and must clearly indicate the nature of each cause of action; (2) Under each count, Plaintiff must identify the specific federal statutes Plaintiff believes give him a cause of action to seek judicial review of the IRS' conduct in this case; (3) The amended complaint must provide the relevant facts, including dates, that support Plaintiff's claim for relief. Plaintiff must provide facts sufficient to show that each claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); (4) Any amended complaint must include statements meeting Plaintiff's burden to establish jurisdiction through a waiver of sovereign immunity and satisfaction

of jurisdictional prerequisites.  If Plaintiff makes a claim under 26 U.S.C.§ 7433, Plaintiff must include statements that meet his burden to show exhaustion of administrative remedies, the specific provision of the Tax Code/regulation Plaintiff says was disregarded, and the officer/employee alleged to have acted recklessly, intentionally, or negligently; (5) Plaintiff is cautioned that any amended complaint will supersede and entirely replace the original complaint. Thus, an amended complaint must contain clear and concise allegations fully stating the basis for Plaintiff's claims;

3. The Motion to Dismiss should be **DENIED AS MOOT** on grounds of lack of service; and

4. All pending motions should be **DENIED AS MOOT**.[12]

To promote judicial economy and finality to the parties, a prompt resolution is required.  As such, I find it necessary and appropriate to shorten the time for any objections pursuant to Southern District of Florida Magistrate Judge Rule 4(a).  Accordingly, the parties shall have SEVEN (7) DAYS from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir.

---

[12] On August 17, 2022, Plaintiff filed a motion, which I construe as a Motion to Amend Plaintiff's Complaint ("Motion to Amend").  DE 13.  As Defendant correctly argues, Plaintiff misinterprets Defendant's Notice of 90 Days Expiring (DE 12) as a restatement of Defendant's position on its Motion to Dismiss (DE 8) in order to justify amending his Complaint.  Defendant also notes that Plaintiff did not confer with it prior to filing the Motion to Amend in violation of S.D. Fla. L.R. 7.1(a)(3).  As such, Plaintiff's Motion to Amend is subject to dismissal, among other reasons, for failure to confer.  *Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1376 (S.D. Fla. 2013) (stating that failure to confer provides grounds to deny a motion).

1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 8th day of September, 2022.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE