UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14453-CV-MARTINEZ/MAYNARD

**HAROLD B. ROTTE**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.
_____/

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS (DE 21)

**THIS CAUSE** is before me upon an Order referring all pretrial matters for appropriate disposition. DE 11. Presently pending is Defendant United States' Motion to Dismiss Amended Complaint ("Motion to Dismiss"). DE 21. On October 13, 2022, Plaintiff filed an unopposed motion to file an out of time response to the Motion to Dismiss. DE 22. I granted the motion and ordered Plaintiff to file his response by November 30, 2022. DE 23. Plaintiff has not filed a response, and the time to do so has now passed.[1] Having reviewed the Motion to Dismiss, the record in this case, and being otherwise fully advised, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss be **GRANTED**.

---

[1] On November 15, 2022, Plaintiff filed a motion to appoint counsel "to argue [his] constitutional rights." DE 24. Plaintiff does not specify the constitutional rights at issue. Defendant argues, in its response that the motion is non-responsive to the Motion to Dismiss. DE 25. I agree that the motion to appoint counsel cannot be construed as a response to the Motion to Dismiss. Furthermore, as Defendant also argues, "a plaintiff in a civil case has no constitutional right to counsel." DE 25 at 2 (quoting *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). Therefore, I decline to recommend that the Court appoint counsel for Plaintiff and do not consider Plaintiff's motion to appoint counsel further.

1

**BACKGROUND**

This case arises out of *pro se* Plaintiff's longstanding complaints about federal income tax liabilities assessed against him in 2004.[2] Plaintiff filed his initial complaint in the instant case on November 23, 2021 alleging that the IRS wrongfully filed liens against him based upon two tax assessments for the 2004 tax year: (1) a $93,294.63 tax liability ("2004 Tax Liability") and (2) a $7,211.05 civil penalty for a frivolous filing ("2004 Civil Penalty"). DE 1 at ¶¶16-17; DE 8. Defendant moved to dismiss the initial complaint on the basis that the Court lacked subject matter jurisdiction, that Plaintiff failed to state a claim on which relief could be granted, that Plaintiff's claims were barred by *res judicata*, and that Plaintiff had not effectuated proper service of process. DE 8.

On September 8, 2022, I issued a report and recommendation recommending that Defendant's motion to dismiss the initial complaint be granted in part to dismiss Plaintiff's claims based on the 2004 Tax Liability with prejudice on grounds of *res judicata* ("First Report"). DE 16. As to the 2004 Civil Penalty, I recommended that Plaintiff be afforded one opportunity to amend in order to sufficiently plead a cause of action. *Id.* at 23. In doing so, I cautioned Plaintiff to adhere to specific instructions: (1) to set forth each cause of action in a separate Count that clearly indicates the nature of each cause of action; (2) to identify in each Count the specific federal statutes that Plaintiff believes supports his cause of action for judicial review of the Internal Revenue Service's conduct in this case; (3) to provide the relevant facts, including dates, that support Plaintiff's claim for relief; and (4) to include statements satisfying Plaintiff's burden to establish jurisdiction. *Id.* at 23-24. Furthermore, Plaintiff was cautioned that any amended

---

[2] The cases that Plaintiff previously filed in the United States District Court for the Southern District of Florida challenging his 2004 tax liabilities are detailed in my previous Report and Recommendation, which detail is not repeated here for the sake of brevity. DE 16.

complaint would supersede and entirely replace the original complaint; therefore, the amended complaint had to set out clear and concise allegations that provided the basis for Plaintiff's claims. *Id.* at 24. On September 15, 2022, United States District Judge Jose E. Martinez adopted my First Report. DE 19. In doing so, Judge Martinez ordered Plaintiff, in filing an amended complaint, to adhere to the instructions set out in my First Report ("Order"). *Id.* The Order specifically listed again those instructions and forewarned Plaintiff that failure to adhere to the instructions may lead to dismissal with prejudice. *Id.*

On September 20, 2022, Plaintiff filed an amended complaint titled: "Plaintiff amend[ ] compl[ai]nt [f]or undue assessments." DE 20. The totality of the complaint reads as follows:

> Plaintiff in the past, being denied affordable counsel, would counter the IRS false claims, with copy of false claim with compl[ai]nt with the court, and believes it was unfair IRS never had to prove their claims.
>
> Now again the plaintiff is relying on the false claim of the assessment as evidence submitted.
>
> Plaintiff because of advanced age, medical issues, does not have confidence in myself without[3] legal assistance, so is filing complaint as imperfect and accepting recommendations as a compromise. Plaintiff is thankful the presiding judge did order the said accomm[od]ations.
>
> Plaintiff also believes this amended complaint did compound with the totality of earlier false claims that did cause harm.
>
> Plaintiff was sincere in wishing to obtain attorney to assist, did contact several places including the [F]lorida [Bar], and got several names, some did not take type of case. Several did not return my calls[.] [P]laintiff believes IRS to be an unpopular defendant[.]

*Id.* Thus, the amended complaint appears primarily to reference Plaintiff's initial complaint and to discuss Plaintiff's efforts to acquire counsel. Even construing the complaint liberally, as the

---

[3] Plaintiff handwrote "without" above where he typed "with," and I construe Plaintiff's handwriting as revising "with" to "without." DE 20 at 1.

3

Court must do, it is not possible to identify a cause of action in the amended complaint. Plaintiff failed to incorporate any of the Court's instructions in filing the amended complaint. As such, Plaintiff violated Judge Martinez's Order. In addition, the amended complaint wholly fails to otherwise state a cognizable claim.

Defendant now moves to dismiss the amended complaint. DE 21. While Defendant raises all of its previous arguments as grounds for dismissal, Defendant also argues that Plaintiff failed to comply with the Court's Order and failed to comply with Rule 8 pleading requirements. *Id.* (referencing Fed. R. Civ. P. 8(a)).

## **LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of the pleading requirement is to ensure that a plaintiff "give[s] the defendant fair notice of what the claim is and the grounds on which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). "What this Court has deemed 'shotgun' pleadings fail, to varying degrees and in various ways, to fulfill that essential purpose." *Barone v. Wells Fargo Bank, N.A.*, 757 F. App'x 877, 880 (11th Cir. 2018) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). While *pro se* pleadings must be construed liberally, a Court may not act as *de facto* counsel for a party or rewrite a deficient pleading so that a party can maintain a cause of action. *Id.* (citing *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) and *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

District courts have the ability to dismiss a complaint on grounds that it is a shotgun pleading as part of their inherent authority to control their docket and ensure the expeditious resolution of cases. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Also,

Rule 41(b) provides authority for a district court to dismiss an action "where a plaintiff is afforded [the] chance [to amend] and fails to make meaningful modification to [his] complaint[.]" *Barone*, 757 F. App's at 880 (citing Fed. R. Civ. P. 41(b) and *Weiland*, 792 F.3d at 1323).

Dismissal with prejudice "is an extreme sanction that may be properly imposed only when: (1) a party engaged in a clear pattern of delay or willful contempt …; and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (internal quotation marks and citation omitted). Generally, however, a district court does not abuse its discretion in dismissing a case upon a party's disregard of a court order, especially when the party was forewarned. *Barone*, 757 App'x 881 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

## **ANALYSIS**

Here, Plaintiff's Complaint warrants dismissal. The Complaint violates Rule 8 pleading standards. It fails to identify a cognizable claim and, thus, it fails to give fair notice to Defendant as to what claim Plaintiff is making against it and on what grounds Plaintiff's claim rests. As such, it constitutes a shotgun pleading. Therefore, the amended complaint is due to be dismissed on shotgun pleading grounds under the Court's inherent authority or under Rule 41(b).

The dismissal of the amended complaint should be with prejudice. Plaintiff failed to comply with the Court's Order of instructions for filing an amended complaint. Indeed, the amended complaint reflects Plaintiff's absolute disregard of the Order. The Order expressly warned Plaintiff that failure to comply with the instructions could result in dismissal with prejudice. Therefore, I find that dismissal of Plaintiff's action should be with prejudice.

## CONCLUSION

Accordingly, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss (DE 21) be **GRANTED** as follows:

1. that Plaintiff's remaining claims, if any, pertaining to the 2004 Civil Penalty be **DISMISSED WITH PREJUDICE**;
2. that the **CLERK OF COURT** be directed to **CLOSE** this case; and
3. that all pending motions be **DENIED AS MOOT**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 7th day of December, 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE